HALL, Judge.
This appeal is from a judgment modifying a previous judgment for child support and declaring past due child support due and executory. We affirm the judgment of the district court.
On May 10, 1972, judgment by default was rendered in favor of Rita Hoffoss Crowder against James Fredrick Crowder, Jr., granting a divorce, awarding Mrs. Crowder custody of the minor children, Debra Kay Crowder, James Steven Crow-der and Rita Catherine Crowder, ordering Mr. Crowder to pay Mrs. Crowder $150 per month each for the support of James Steven and Rita Catherine, and ordering Mr. Crowder to support and maintain Debra Kay in college in the same manner in which he was doing in the past.
On October 11, 1973, Mr. Crowder filed a petition seeking to terminate the child support payments for James Steven and the obligation to support Debra Kay in college because those children were no longer minors, being over eighteen years of age. The petition further sought to reduce the child support for Rita Catherine from $150 per month to $100 per month on the basis that Mr. Crowder’s income had decreased and Mrs. Crowder’s income had increased since the original judgment was rendered.
Mrs. Crowder reconvened praying that child support for Rita Catherine be increased to $250 per month and praying for judgment in the amount of $1,150 for past due child support.
After trial judgment was rendered terminating the child support for James Steven, terminating the obligation to maintain Debra Kay in college, increasing child support for Rita Catherine to the amount of $175 per month and awarding past due child support in the amount of $316.15. Mr. Crowder appealed.
At the time the original judgment was rendered, Debra Kay was twenty, James Steven was seventeen and Rita Catherine was twelve. James Steven be *844 came eighteen years of age on July 31, 1972. Appellant made several child support payments for James Steven after he became eighteen, prior to being advised he was no longer obligated to make such payments because of the passage of Act 98 of 1972, amending LSA-Civil Code Art. 37 to reduce the age of majority from twenty-one to eighteen. Appellant contends appellee should return these amounts to him or at least that he should be given credit for the amount so paid against any past due child support owed for the remaining minor child. No authority is cited in support of appellant’s position and we know of no legal basis for allowing appellant credit for the amounts paid to assist in the support of his teenage major son against amounts due by him for the support of a minor child, even though the payments for the benefit of the son may have been made under a mistaken belief that he was legally obligated to make the payments.
Appellant and his present wife are the owners of a collection agency business. Appellant draws a regular salary from the business of $600 per month and his wife draws an equal amount. All expenses of appellant’s automobile, including the purchase price thereof, are paid out of income from the business as are the expenses of an automobile used by his present wife. In addition, appellant drew approximately $3,000 from the business during the past year which was carried on the books of the business as an account receivable.
Appellee is a school teacher earning $10,400 per year. In addition to the minor child, the teenage son lives with her while attending college in Shreveport. The older daughter is in college away from home but comes home on the weekends.
 Although appellant’s income may not be as great now as it was at one time preceding the divorce from a prior business venture, it does not appear to be significantly different from what it was at the time the divorce was granted. His ability to pay is increased by the termination of his legal obligation to support the older children. The trial judge has wide discretion in matters of child support and the circumstances of this case support his judgment in fixing the amount of child support at $175 per month under circumstances existing at the time of trial.
Appellant also complains that the trial judge should have allowed credit for $214 charged by Mrs. Crowder on Mr. Crow-der’s gasoline credit card. The trial judge allowed a credit of $33.44 in this regard. The evidence on this issue is vague and indefinite and the charge tickets are not in the record. We find no error.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.